CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 2 8 2014

JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

LARRY WAYNE SHUPE,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

Civil Action No. 7:13CV00314

**MEMORANDUM OPINION**

By: Hon. Glen E. Conrad
Chief United States District Judge

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to establish entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Larry Wayne Shupe, was born on August 26, 1978 and eventually completed his high school education. Mr. Shupe has worked as a trailer assembler, electrician's apprentice, and knitting machine operator in a textile operation. He last worked on a regular and sustained basis in 2010. On August 11, 2010, Mr. Shupe filed applications for disability insurance benefits and

supplemental security income benefits. Plaintiff alleged that he became disabled for all forms of substantial gainful employment on May 15, 2010, due to a deteriorating disc in his back, ripped disc leaking fluid on the nerves going down his legs, nerve damage causing loss of reflex in legs, arthritis, and degenerative disc disease. (TR 271). Mr. Shupe now maintains that he has remained disabled to the present time. As to his claim for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See generally, 42 U.S.C. §§ 416(i) and 423(a).

Mr. Shupe's applications were denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated May 8, 2012, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Mr. Shupe experiences several severe impairments consisting of degenerative disc disease of the lumbar spine and blindness in the left eye. Because of these impairments, the Law Judge held that plaintiff is disabled for his past relevant work activities. However, the Law Judge ruled that Mr. Shupe retains sufficient functional capacity to perform a limited range of sedentary work activities. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that the claimant must be able to sit or stand at will at his workstation. The claimant can only occasionally use foot controls with his bilateral lower extremities. The claimant can never push or pull with the bilateral upper extremities or climb ladders. The claimant can no more than occasionally kneel, crawl, crouch, stoop, or climb stairs. The claimant can frequently balance. The claimant cannot work around hazards or extreme cold, and he cannot do work requiring depth perception. He is limited to simple, routine, repetitive unskilled work.

(TR 64-65). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge

found that Mr. Shupe retains sufficient functional capacity to perform several specific sedentary work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that he is not entitled to benefits under either federal program. See generally, 20 C.F.R. §§ 404.1520(g) and 416.920(g). Following issuance of the Law Judge's opinion, Mr. Shupe filed new medical evidence with the Social Security Administration. However, the Social Security Administration's Appeals Council ultimately adopted the Law Judge's opinion as the final decision of the Commissioner. Having exhausted all available administrative remedies, Mr. Shupe has now appealed to this court

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mr. Shupe has a history of back problems dating from 2003. He injured his back while working, and as a result of an automobile accident. He also lost his left eye in the car accident. Nevertheless, plaintiff continued to perform his regular work activity for several years. However, Mr. Shupe experienced worsening back pain in late 2009. Radiographs and MRI demonstrated a disc herniation at L5-S1, with some nerve root

impingement, as well as degeneration in the lumbar spine. For the most part, plaintiff's physicians have prescribed conservative treatment measures, as well as epidural steroid injections. The medical specialists have recommended against surgical intervention. While two treating physicians, Dr. Deepani Dias and Dr. B. A. Raines, have produced work assessments which suggest that Mr. Shupe is totally disabled, the court believes that the Administrative Law Judge reasonably relied on the treatment records, as well as on a record review performed by a state agency physician, in concluding that Mr. Shupe is not disabled for a limited range of sedentary work activity which does not require excessive use of his back, and in which he may sit or stand at will. In this context, the court notes that in late 2009, a treating orthopedist and a consulting neurosurgeon both opined that Mr. Shupe could return to some form of work activity. (TR 325, 358). Given the medical record in this case, the court believes that the Administrative Law Judge reasonably concluded that Mr. Shupe is not disabled within the meaning of the Act. Having found substantial evidence in support of the Administrative Law Judge's adjudication, the court concludes that the final decision of the Commissioner must be affirmed.

On appeal to this court, Mr. Shupe relies on the opinions of disability offered by two of his treating physicians. Citing 20 C.F.R. § 404.1527(c)(2) and 419.927(c)(2), Mr. Shupe argues that the Administrative Law Judge erred in discounting the reports from the treating physicians, and in according greater weight to the report of the nonexamining state agency physician. However, the court believes that the Administrative Law Judge reasonably declined to accord controlling weight to the reports from Dr. Dias and Dr. Raines. As regards this conflict in the evidence, the Administrative Law Judge correctly observed that the earlier clinical notes suggest no disabling limitations in plaintiff's functional capacity. The Law Judge went on to state as follows:

> In terms of the claimant's back pain, the medical evidence of record does not support the severity and functional impairment that the claimant alleges. First, at various points in the record (in forms completed in connection with the application and appeal, in examinations or evaluations with medical professionals, or in the claimant's testimony), the claimant has reported playing with his children, moving bathtubs, installing flooring, working as a contractor, "being able to work more," and going to a week-long convention and staying in a tent. Given the complaints of disabling symptoms and limitations, such activities are not limited to the extent one would expect. Often when the claimant complained of worse back pain, it was only because he had been doing heavy lifting or work. His back pain was usually mild, except when it was exacerbated by heavy work.

(TR 67). The court also notes that while the pain specialist, Dr. Raines, specifically concluded that Mr. Shupe is disabled (TR 530), Dr. Raines' treatment notes consistently reflect moderate improvement in plaintiff's condition with appropriate pain management protocols. (TR 544, 546, 548, 550, 553, 555, and 557). More importantly, the court believes that the Law Judge reasonably relied on the record review performed by the state agency physician, Dr. Donald Williams, on March 8, 2011. Dr. Williams concluded that, while Mr. Shupe is disabled for his past relevant work, he remains capable of performing lighter forms of work activity. (TR 161-169). As noted above, Dr. Williams' impressions find support in the opinion of the treating orthopedist, Dr. Paul Liebrecht, who concluded that plaintiff would be capable of returning to work without restrictions as late as August 24, 2009. The neurosurgeon, Dr. William R. Brown, Jr., recommended on December 15, 2009, that Mr. Shupe "find a new job." (TR 325). Considering all the evidence of record, the court concludes that the Administrative Law Judge reasonably determined that Mr. Shupe's condition did not progress to a totally disabling level of severity at any point during the period of time adjudicated by the Law Judge.

The court also believes that the Law Judge's assessment of the vocational record is supported by substantial evidence. The Law Judge posed a comprehensive hypothetical question to the

vocational expert at the administrative hearing. (TR 108). The Law Judge, as well as plaintiff's attorney, thoroughly questioned the vocational expert as to the impact of plaintiff's various subjective manifestations. (TR 108-122). In response, the vocational expert identified several specific sedentary work roles in which Mr. Shupe could be expected to perform. The vocational expert testified that all of the jobs forecast for Mr. Shupe can be performed in a sitting or standing position. (TR 120). It appears to the court that the expert's evaluation of the vocational evidence and the assumptions under which the expert deliberated are both reasonable and supported by the medical record in Mr. Shupe's case. The court concludes that the Commissioner has met the burden of going forward with evidence of alternate work roles in which plaintiff could be expected to perform. Taylor v. Weinberger, 512 F.2d 664 (4th Cir. 1975).

There is one additional circumstance in this case that is worthy of comment. As noted above, during the period of time between the issuance of the Law Judge's opinion and the adoption of such opinion as the final decision of the Commissioner by the Social Security Administration's Appeals Council, Mr. Shupe, through counsel, submitted new medical evidence. The new evidence consists of a series of reports from plaintiff's family practitioner; an updated note from the orthopedist, Dr. Liebrecht; and additional clinical reports from the pain management specialist, Dr. Raines. The court recognizes that in some cases, the submission of such "interim evidence" may justify remand of the case to the Commissioner for further consideration. See Meyer v. Astrue, 662 F.3d 700 (4th Cir. 2011). However, in the instant case, the court finds no cause for remand. In denying plaintiff's request for review, the Appeals Council noted that the new evidence does not inform the decision as to whether plaintiff was disabled on or before the date of the Law Judge's opinion. (TR 2). The court tends to agree. In the court's view, the new reports do not indicate that Mr. Shupe's condition

is significantly different from that found by the Administrative Law Judge. Indeed, after reviewing a new MRI, Dr. Liebrecht specifically stated that plaintiff's disc bulge is unchanged from the time of the prior MRI on June 5, 2009. (TR 39). At most, the new reports may suggest that, in more recent months, there has been some worsening in plaintiff's symptoms, and that he has now opted for surgical intervention. If there has been further deterioration in Mr. Shupe's back condition, he may wish to consider filing new applications for benefits. However, the court must agree that the new reports do not impugn the accuracy of the Law Judge's decision rendered on May 8, 2012.

For the reasons stated, the court concludes that the final decision of the Commissioner is supported by substantial evidence. It follows that the final decision of the Commissioner must be affirmed. In affirming the Commissioner's final decision, the court does not suggest that Mr. Shupe is free of all pain, discomfort, and weakness in his lower extremities. Indeed, the medical record confirms that plaintiff suffers from a very serious condition which can be expected to result in significant symptomatology. However, it must again be noted that the specialists who evaluated Mr. Shupe's back problems did not consider him to be disabled for all forms of work. Moreover, it does appear that Mr. Shupe has enjoyed some relief from his symptoms through pain management intervention. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). It appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claims for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As recognized above, there is some reason to believe that Mr. Shupe's treatment may now be heading in a different direction. Mr. Shupe may wish to consider filing new applications for

disability insurance benefits and supplemental security income benefits, if he believes his condition has deteriorated.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

ENTER: This 28th day of January, 2014.

Glen Conrad

Chief United States District Judge